**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-01301-MSK-MEH

CATHOLIC HEALTH INITIATIVES FOUNDATION and
ACE INDEMNITY INSURANCE COMPANY,

      Plaintiffs,

v.

BRACCO DIAGNOSTICS, INC.,

      Defendant.

---

**PROTECTIVE ORDER**

---

THIS MATTER having come before the Court on the Parties' Joint Motion for Protective Order, and the Court having reviewed the same and being advised in the premises, does hereby ORDER the following:

    1.    **Discovery Material.** This Order applies to all documents, the information contained therein, and all other information produced or disclosed in connection with this litigation whether revealed in a document, in deposition, trial or other testimony, in discovery responses, or otherwise ("discovery material") by any party in this litigation (the "producing party") to any other party or parties (the "receiving party").

    2.    **Designation and Use of Discovery Material.** This Order shall govern the designation and handling of trade secret or other confidential research, development, or commercial information contained in discovery material that the producing party believes in good faith is properly subject to protection from disclosure by law or otherwise subject to protection by law. In addition, this Order shall govern the disclosure of any sensitive personal information, such as

medical records and financial information. Any person (including third parties not named in this action) who is required to produce documents or information in discovery in this case may designate material produced as "Confidential Material" pursuant to this Order.

3. **Use of Confidential Materials.** With the exception of documents or information that have become publicly available without a breach of the terms of this Order, all documents, information or other discovery material produced or discovered in this action that have been designated by a named party to this case as Confidential Material shall be used solely for the prosecution or defense of this action.

4. **Rights Unaffected.** The terms of this Order shall in no way affect the right of any person (a) to withhold information on alleged grounds of immunity or protection from discovery, including but not limited to privilege and work product grounds; or (b) to withhold information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

5. **Designation of Documents as Confidential Material.**

(a) For the purposes of this Order, the term "document" means any and all written, electronic and digital records of any kind, translations, and transcriptions, including correspondence, notes, lists, memoranda, contracts, agreements, accounts, minutes, e-mails, summaries, pamphlets, brochures, books, photographs, audio recordings, video recordings, teletypes, telefaxes, graphic representations, computer printouts, database records, and computer data, files and/or other electronically maintained or transmitted information.

(b) All documents or categories of documents that the producing party believes in good faith contain Confidential Material shall be marked by the producing party with the legend "Confidential Material" in a size and location that makes the designation readily apparent.

6. **Non-Disclosure of Confidential Material.** Confidential Material, including any copy, portion, synopsis, summary, analysis, digest, translation, transcription, or other derivation thereof, shall be used only in accordance with paragraph 3 above and shall not be disclosed in any way to any person(s) except:

(a) The receiving party;

(b) Any counsel of record in this Action, any lawyer specifically employed by such counsel, and any secretary, paralegal, law clerk or employee assisting such counsel, to the extent considered reasonably necessary to render professional services in connection with the prosecution or defense of this action;

(c) Court officials involved in this Action (including court reporters and video recording equipment operators at depositions);

(d) Any expert or affiliate who is expressly retained by or on behalf of any party to provide assistance or testimony with respect to this Action;

(e) Persons noticed for depositions or designated as trial witnesses in this action, or those who counsel of record in good faith expect to testify at deposition or trial in this Action, to the extent reasonably necessary in preparing to testify;

(f) Any employee of a party or former employee of a party, but only to the extent considered necessary for the preparation and trial of this Action;

(g) Any affiliate or subsidiary of a party, or employee or former employee of an affiliate or subsidiary of a party, but only to the extent considered necessary for the preparation and trial of this Action;

(h) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

          (i)       Any other person, if consented to by the producing party.

    7.     **Permissible Disclosure.**  With respect to Confidential Material, including any copy, portion, synopsis, summary, analysis, or digest thereof, each person, other than the Court and the individuals identified in paragraphs 6(a) and (c), shall be provided a copy of this Order. In addition, the individuals identified in paragraph 6(d) through (h) shall execute an Agreement to Maintain Confidentiality in the form attached hereto as **Exhibit A**. Counsel for the receiving party shall retain executed Agreements to Maintain Confidentiality in his or her file at least until this lawsuit has been concluded and all Confidential Material has been returned and/or destroyed pursuant to paragraph 17 below. Any person to whom Confidential Material is disclosed by the receiving party or by any person who obtains such Confidential Material from the receiving party shall be bound by the provisions of this Order and subject to all appropriate sanctions and remedies for any violation hereof.

    8.     **Competitors.**   Before disclosing Confidential Material to any person listed in paragraphs 6(d) through (h) who is known to be a competitor (or an employee of a competitor) of the party that so designated the discovery material, the party wishing to make such disclosure shall give at least five business days advance notice in writing to the counsel who designated such discovery material as Confidential Material, stating that such disclosure will be made, identifying by subject matter category the discovery material to be disclosed, and stating the purposes of such disclosure. If, within the five business day period, an application is made to the Court objecting to the proposed disclosure, disclosure is not permissible until the Court has ruled on such application. As used in this paragraph, the term "Competitor" means any medical device manufacturer or distributor, other than Bracco Diagnostics Inc.

    9.     **Declassification.**

      (a)    Nothing shall prevent disclosure beyond that limited by this Order if the producing party consents in writing to such disclosure.

      (b)    If at any time a party wishes for any reason to dispute a designation of discovery material as Confidential Material, the receiving party shall notify the producing party in writing, specifying by exact Bates number(s) of the discovery material in dispute. The producing party shall respond in writing within ten business days of receiving the notification, or within such other time period as the parties may agree.

      (c)    If the party disputing a designation of discovery material as Confidential Material does not accept the producing party's response provided pursuant to paragraph 9(b) and the parties are unable to amicably resolve the dispute, the party disputing the designation shall notify the producing party in writing that the dispute has not been resolved and that the disputed material will lose its designation as Confidential Material if the producing party fails to make an application to the Court for a ruling on the dispute. The producing party asserting the designation of confidentiality may within 20 days after such written notice make an application to the Court for a ruling that the discovery material retain its designation as Confidential Material under this Order, or within such other time period as the parties may agree. The producing party has the burden to demonstrate that the material should retain its Confidential Material designation.

      (d)    In the event a party fails to respond in writing regarding a disputed designation of discovery material as Confidential Material and/or fails to make an application to the Court for a ruling on a dispute in accordance with paragraphs 9(b) and (c), the party disputing the designation may notify the producing party in writing of such failure and the disputed discovery material shall lose its designation as Confidential Material ten days thereafter (the "Declassification Event"). If an application is filed with the Court before the expiration of such ten day period,

however, the disputed discovery material shall retain the designation as Confidential Material pursuant to paragraph 10 below.

10. **Non-Termination.** Documents or information designated as Confidential Material shall retain that designation and remain subject to the terms of this Order until such time, if ever, as: (a) the Court renders a decision that any such document or information is not properly subject to protection from disclosure by law or otherwise; (b) a Declassification Event occurs with respect to such document or information; or (c) such document or information becomes publicly available without a breach of the terms of this Order.

11. **No Waiver of Rights or Implication of Discoverability.** This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party. Nothing in this Order shall enlarge or in any way affect the proper scope of discovery in this action, nor shall anything in this Order imply that any confidential information is properly discoverable, relevant, or admissible in this action. Nothing in this Order shall be construed as an agreement to either enlarge or restrict the scope of protection afforded by Colorado or Federal law.

12. **Inadvertent Disclosures.**

(a) The inadvertent production of any discovery material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If any such discovery material is inadvertently produced, upon request from the producing party, the receiving party shall promptly return the discovery material and all copies of the discovery material in its possession, delete any electronic versions of the discovery material it maintains within ten days, and make no use of the information contained in the discovery material. The party returning

such discovery material shall have the right to apply to the Court for an Order that such discovery material is not protected from disclosure by any privilege, but may not assert as a ground for such application the fact or circumstances of the inadvertent production.

(b)     Failure to return all copies of any inadvertently produced privileged document precludes its use for purposes of this specific litigation as well as for any other purpose, and precludes the receiving party from challenging the propriety of the designation of privilege.

(c)     In the event the producing party or other person inadvertently fails to designate discovery material as Confidential Material, it may make such a designation subsequently by notifying all persons and parties to whom such discovery material were produced, in writing, as soon as practicable. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated discovery material as Confidential Material, subject to their right to dispute such designation in accordance with paragraph 9.

13.     **Depositions.**  If reference is made to any Confidential Material during the course of a deposition, the Parties (and deponents) may designate portions of the transcript as Confidential Material. Said portions of the transcript that include references to any of the Confidential Material shall not be revealed in any manner to any persons, except pursuant to the provisions of this Order. If a document designated Confidential Material is marked as an exhibit at a deposition, such document will not be bound within the transcript, but shall be retained separately by the attorneys for the respective Parties pursuant to the provisions of this Order.

14.     **Confidential Material in Court Filings.** The Parties shall comply with D.C.COLO.LCivR 7.2 when filing motions to seal and when filing papers and documents under seal. Confidential Material shall not be filed with the Court except when required in connection with

matters pending before the Court. In addition to the requirements of D.C.COLO.LCivR 7.2, when filing papers and documents under seal, they shall be filed in a sealed envelope, clearly marked:

> THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT

and shall remain sealed while in the office of the Clerk so long as they retain their Confidential Material designation. Said Confidential Material shall be kept under seal until further order of the Court; however, Confidential Material and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

15. **Confidential Material Offered as Evidence at Trial.** Confidential Material may be introduced by any party at the time of trial or at any court hearing upon advance notice affording the producing party a reasonable opportunity to consider and respond to the proposed use of the information. At the time that such material is introduced, the Court shall issue such order as it deems appropriate for maintaining the confidentiality of such material.

16. **Notice of Disclosure.** Nothing in this Order shall prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure, or if the Court, after affording notice and an opportunity to be heard to all affected parties, orders such disclosure. In the event that any Confidential Material, or any copy, portion, synopsis, summary, analysis or digest thereof is required by law to be disclosed by order, subpoena or otherwise, the party required to disclose such confidential information will notify the producing party promptly so that the producing party may seek a protective order or other appropriate remedy or, in the producing party's sole discretion, waive compliance with certain terms of this Order. In the event that no protective order

or other remedy is obtained, or that the producing party waives compliance, only that portion of confidential information that is legally required to be disclosed shall be furnished and all reasonable efforts will be exercised to obtain reliable assurance that confidential treatment will be accorded to the confidential information so disclosed.

      17.    **Return of Confidential Material.**  At the conclusion of this lawsuit by dismissal, stipulation, or final order or judgment, or any appeal therefrom, all Confidential Material received by whomever in paper or other tangible form, including all copies and summaries or compilations thereof, other than those Confidential Materials that may be necessary in connection with the prosecution or defense of this Action, shall be returned to the producing party and all electronic versions of such Confidential Material (including any synopsis, summary, analysis, and/or digest thereof) shall be destroyed within 30 days. Counsel for the receiving party shall promptly notify all persons listed in paragraphs 6(d) through (h) above to whom Confidential Material have been provided and/or disclosed that this lawsuit has been concluded and instruct them to return all Confidential Material in paper or other tangible form and destroy all electronic versions of Confidential Material within 30 days to the extent required by this paragraph. Counsel for the receiving party shall certify in writing compliance with the requirements of this paragraph within 35 days of the conclusion of this lawsuit. If any persons listed in paragraphs 6(d) through (h) above to whom Confidential Material has been provided and/or disclosed cease to be involved in this litigation or otherwise completes the purpose for which they were provided Confidential Material prior to the conclusion of this litigation, counsel for the receiving party shall promptly instruct them to return all Confidential Material in paper or other tangible form and destroy all electronic versions of the Confidential Material.

18. **Documents Filed Under Seal.** The Clerk of the Court may, at the conclusion of the lawsuit, including any appeal therefrom, return to counsel or destroy material filed under seal. Before destroying any document filed under seal, the Clerk shall advise all parties that the material will be destroyed if not retrieved by counsel, providing counsel at least 21 days to respond. In the absence of a response, the Clerk may destroy the documents filed under seal.

19. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

20. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, access to, and distribution of Confidential Material, including abstracts and summaries thereof. In the event of a change in counsel, withdrawing counsel shall fully instruct new counsel of their responsibilities under this Order and new counsel shall sign this Order.

21. **Improper Disclosure of Confidential Material.** Disclosure of Confidential Material other than in accordance with the terms of this Order may subject the producing and/or receiving party to such sanctions and remedies as the Court may deem appropriate.

DATED this 30th day of March, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  10-cv-01301-MSK-MEH

CATHOLIC HEALTH INITIATIVES FOUNDATION, ET AL,

Plaintiffs,

v.

BRACCO DIAGNOSTICS INC.

Defendant.

---

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

---

The undersigned hereby acknowledges and says:

1. I hereby attest to my understanding that information or documents designated "Confidential Material" are provided to me pursuant to the terms and conditions and restrictions of the Protective Order entered _____, 2011 (the "Order"), in the above captioned matter, that I have been given a copy of and have read the Order, and that I hereby agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as Confidential pursuant to the Order.

2. I further agree that I shall not disclose to others, except in accordance with the Order, such Confidential Material, including notes or other memoranda or writings regarding the Confidential Material, and that such Confidential Material shall be used only for the purposes authorized by the Order.

3. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this lawsuit.

4. I further agree to return all copies of any Confidential Material I have received to counsel who provided it to me no later than 30 days after the conclusion of this litigation, or at such other time as provided for by the Order or agreed to by the producing party.

5. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of Court, for such failure and further understand that I may subject myself to personal liability for civil money damages resulting from claims of injury based on the improper disclosure of Confidential Material. I further agree to be subject to the jurisdiction of the Court for the purpose of any proceedings related to enforcement of the Order.

6. I further agree to be bound by the Order when I sign this Agreement, regardless of whether the Order has been entered by the Court.

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State and ZIP

_____
Telephone Number


Sworn to and subscribed before me,

this _____ day of _____, 201__

_____
Notary Public