IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01301-MSK-MEH

CATHOLIC HEALTH INITIATIVES FOUNDATION and
ACE INDEMNITY INSURANCE COMPANY,

      Plaintiffs,

v.

BRACCO DIAGNOSTICS, INC.,

      Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on April 5, 2011.**

      The Joint Motion to Amend Scheduling Order and Vacate Settlement Conference [filed April 4, 2011; docket #36] is **granted in part** and **denied in part**. In consideration of the Rule 16 hearing set before the District Court on January 5, 2012, the Court resets the following dates and deadlines. The Court recognizes the parties' concerns regarding whether the employee/insured is at MMI, however, the Court again emphasizes to the parties that, given the setting of the Rule 16 hearing, the Court will likely decline to entertain any further requests for extensions of time.

| | |
|---|---|
| Plaintiff's expert designations due | **August 1, 2011** |
| Defendants' expert designations due | **August 31, 2011** |
| Plaintiff's rebuttal designations due | **September 30, 2011** |
| Discovery cut-off | **October 17, 2011** |
| Dispositive motions deadline | **November 7, 2011** |

      The Settlement Conference scheduled for April 26, 2011, is vacated and reset to **July 11, 2011**, at **10:00 a.m.** in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

      Counsel shall have all parties present, including all individually named parties or a representative of each named entity. Counsel shall also have in attendance all individuals with full authority to negotiate all terms and demands presented by the case, and full authority to enter into a settlement agreement, including, but not limited to, an adjustor, if an insurance company is involved. "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency. If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority." **This requirement is not fulfilled by the presence of counsel and/or an insurance adjustor alone**.

In exceptional circumstances only, the appearance of insurance representative by telephone may be approved in advance of the conference. Any party seeking such relief should file the appropriate motion with the Court.

No person is ever required to settle a case on any particular terms or amounts. However, both parties must participate in the settlement conference in good faith, pursuant to Fed. R. Civ. P. 16(f). If any party or party representative attends the settlement conference without full authority, fails to attend the settlement conference without prior Court approval, or fails to participate in the conference in good faith, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side. *If one or both parties believe that the matter may not be ripe for negotiations, counsel should confer with the opposing party(ies) and contact Chambers prior to the conference to reschedule the settlement conference to a more appropriate time*.

In order that productive settlement discussions can be held, counsel shall prepare and submit **two** settlement documents: one to be submitted to the other party or parties, and the other to be submitted by email only to the Magistrate Judge. The documents which are presented to opposing counsel shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which support that side's claims and may present a demand or offer. These documents should be intended to persuade the clients and counsel on the other side.

The document, to be emailed to the Magistrate Judge (not submitted for filing to the court) at *Hegarty_Chambers@cod.uscourts.gov*, shall contain copies of the above materials, but additionally shall contain any confidential comments which counsel wishes to make, any comments with regard to perceived weaknesses in the case and any comments which would be helpful to the Magistrate Judge in assisting the parties to negotiate a settlement. The settlement documents shall be submitted **no later than five business days** prior to the date of the settlement conference. Statements and exhibits consisting of more than 30 pages are to be submitted to Chambers in hard copy via regular mail or hand delivery.

Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show a valid photo identification. *See* D.C. Colo. LCivR 83.2B.